1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9

10    DONNA C.,

11                              Plaintiff,        CASE NO. 3:20-cv-6197-RSM

12            v.                                   ORDER REVERSING AND
                                                   REMANDING DEFENDANT'S
13    ACTING COMMISSIONER OF                       DECISION TO DENY BENEFITS
      SOCIAL SECURITY,
14
                                Defendant.
15

16          Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's

17  denial of plaintiff's application for disability insurance benefits ("DIB"). This matter is fully

18  briefed. *See* Dkts. 16-18.

19          Plaintiff questions the ALJ's reliance on a medical expert who only reviewed the medical

20  evidence and did not examine plaintiff. However, even if the ALJ's reliance on this medical

21  expert were to be deemed proper, the ALJ's rejection of one set of the limitations opined by the

22  medical expert is not based on substantial evidence in the record. Therefore, this matter must be

23  reversed and remanded for further administrative proceedings.

24

1        FACTUAL AND PROCEDURAL HISTORY

2        On March 2, 2015, plaintiff filed an application for DIB alleging disability as of March 1,

3   2015. *See* Dkt. 14, Administrative Record ("AR"), p. 2306. The application was denied upon

4   initial administrative review and on reconsideration. *See* AR 15. A hearing was held before

5   Administrative Law Judge ("ALJ") Malcom Ross on July 20, 2017. *See* AR 15, 29-72. On

6   February 23, 2018, ALJ Ross issued a written decision, later reversed by the Western District of

7   Washington District Court, finding plaintiff not disabled. *See* AR 12-28; *see also* AR 2433-37.

8   After subsequent hearings on October 1, 2019 and March 5, 2020 before ALJ Paul Gaughen

9   ("the ALJ"), *see* AR 2323-56, 2357-91, in a decision dated April 8, 2020, the ALJ determined

10  plaintiff to be not disabled. *See* AR 2303-22. Plaintiff's request for review of the ALJ's decision

11  was denied by the Appeals Council on October 21, 2020, making the ALJ's decision the final

12  decision of the Commissioner of Social Security ("Commissioner"). *See* AR 2296-2302; 20

13  C.F.R. § 404.981, § 416.1481.

14        In plaintiff's Opening Brief, plaintiff maintains the ALJ erred by: (1) relying on Dr.

15  Arthur Lorber's opinion as Dr. Lorber refused to consider the PCE by Stephanie Brie, OT on the

16  grounds that it was not signed by a medical doctor; (2) failing to provide legally adequate

17  rationale for failing to credit fully plaintiff's allegations; and (3) failing to provide germane

18  reasons for failing to credit fully the opinion of Stephanie Brie, OT. "Open," Dkt. 16, p. 1.

19  Defendant contends that "substantial evidence supports the ALJ's findings." Defendant's

20  Response Brief, ("Response"), Dkt. 17, p. 2.

21        STANDARD OF REVIEW

22        Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

23  social security benefits if the ALJ's findings are based on legal error or not supported by

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 2

1   substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

2   Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence" is

3   more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable

4   mind might accept as adequate to support a conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747,

5   750 (9th Cir. 1989) (quoting *Davis v. Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)).

6                                              <u>DISCUSSION</u>

7   **I.      Whether the ALJ erred when evaluating the medical evidence.**

8          Plaintiff contends the ALJ's reliance on Dr. Arthur Lorber's opinion, who testified at one

9   of plaintiff's hearings as a medical expert, is not based on substantial evidence in the record

10  because Dr. Lorber explicitly declined to consider as relevant evidence a functional capacity

11  evaluation from plaintiff's treating occupational therapist. *See* Open, Dkt. 16, pp. 5-6. Defendant

12  contends the ALJ reasonably evaluated Dr. Lorber's opinion. Response, Dkt. 15, pp. 5-7.

13         The ALJ's findings must be supported by substantial evidence. *See* 42 U.S.C. § 405(g);

14  *Bayliss*, *supra*, 427 F.3d at 1214 n.1 (citing *Tidwell*, *supra*, 161 F.3d at 601). "Substantial

15  evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a

16  reasonable mind might accept as adequate to support a conclusion.'" *Magallanes v. Bowen*, 8

17  *supra*, 81 F.2d at 750 (quoting *Davis*, *supra*, 868 F.2d at 325-26).

18         In his written decision, the ALJ included the following discussion:

19             As for the opinion evidence, Arthur Lorber, MD, an impartial medical expert,
               testified at the hearing that based on his review of the record, the claimant's
20             impairments do not meet a listing. He also opined that the claimant is able to
               perform light work and can stand/walk and sit each for one hour at a time, subject
21             to additional postural, overhead reaching, and environmental limitations. Dr.
               Lorber had the benefit of reviewing the entire medical record and his opinion is
22             generally consistent with the claimant's overall unremarkable physical exam
               findings throughout the record (internal citations to Exhibits 5F, 7F, 10 F, 11F
23             omitted) and with records showing that the claimant reports that her shoulder
               issues have completely resolved with physical therapy (internal citation to Exhibit

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 3

5F/101). This opinion is given significant weight. However, Dr. Lorber's limitation on the claimant's standing/walking and sitting to one hour at a time is not adopted in the above residual functional capacity finding due to the claimant's reported ability to drive a car, go grocery shopping, prepare meals, and do some light household cleaning. She also reports no problems with personal care (internal citation to Exhibit 4E, *i.e.*, AR 232-40) and that she is able to go for walks and grocery shopping without sitting for rest (internal citation to Exhibit 5F/46, *i.e.*, AR 810).

AR 2313.

While Defendant is correct that it is the responsibility of the ALJ to resolve conflicts in the medical evidence, the ALJ's findings must be supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Bayliss*, *supra*, 427 F.3d at1214 n.1 (citing *Tidwell*, *supra,* 161 F.3d at 601). Here, despite noting that Dr. Lorber had the benefit of reviewing the entire medical record and finding that Dr. Lorber's opinion was generally consistent with the record, the ALJ nevertheless failed to adopt "Dr. Lorber's limitation on [plaintiff's] standing/walking and sitting to one hour at a time  .  .  .  .  due to [plaintiff's] reported ability to drive a car, go grocery shopping, prepare meals, and do some light household cleaning [as well as having] no problems with personal care." AR 2313 (internal citations omitted). Although the ALJ also noted that plaintiff reported being able to go for walks and grocery shopping without sitting for rest, the ALJ did not cite any evidence demonstrating that a single one of these activities takes more than an hour at the time much less that they cannot be done without the particular combinations opined by Dr. Lorber of standing/walking and sitting an hour at a time in combination. *See* AR 2343.

The ALJ's failure to adopt the opinions from Dr. Lorber on plaintiff's ability stand/walk and sit only an hour at a time based on activities of daily living that do not appear to take an hour to complete is not based on substantial evidence, as it is not based on such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Magallanes, supra,* 81 F.2d at 750 (quoting *Davis*, *supra,* 868 F.2d at 325-26).

## II.      Harmless error

The Ninth Circuit has "long recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006)). An error is harmless if it is "'inconsequential to the ultimate non[-]disability determination.'" *Molina*, *supra*, 674 F.3d at 1117 (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)).

The Court already has concluded that the ALJ erred by failing to provide substantial evidence to support the failure to adopt the opinions from Dr. Lorber on plaintiff's ability stand/walk and sit only an hour at a time, *see supra*, Section I. It is unclear if plaintiff still would have been able to do the jobs that the ALJ relied on when finding that plaintiff could have performed her past relevant work at the final step in the disability process herein had those limitations opined by Dr. Lorber been adopted by the ALJ. *See* AR 2315.

The ALJ explicitly indicates reliance on the vocational expert's testimony at the hearing regarding the hypothetical individual similar to plaintiff's presentation and residual functional capacity ("RFC") as decided by the ALJ in his written decision. *See id*. However, the RFC presented to the vocational expert did not include the opinions from Dr. Lorber on plaintiff's ability stand/walk and sit only an hour at a time. *See* AR 2310, 2351-52. It is possible that adding in these limitations, which have not been properly rejected by the ALJ, would render plaintiff unable to have performed the jobs identified by the ALJ at Step 4 as jobs she could have performed in her past relevant work, the finding upon which the ALJ relied when concluding thereby that plaintiff was not disabled. *See* AR 2315-16. Therefore, the Court cannot conclude that the error is harmless as the error potentially is very consequential to the ultimate

determination of disability. *See Molina*, *supra*, 674 F.3d at 1117 (quoting *Carmickle*, *supra*, 533 F.3d at 1162).

Plaintiff also complains about the ALJ's evaluation of the medical evidence provided by Stephanie Brie, OT. Dkt. 16, pp. 6-7. However, because the Court concludes that this matter must be reversed and remanded for further evaluation of the opinion from the medical expert, all of the medical evidence should be evaluated again by the ALJ following remand of this matter, including that provided by Ms. Stephanie Brie, OT.

**III.    Whether the ALJ erred when evaluating plaintiff's allegations and credibility.**

Plaintiff contends that the ALJ erred by failing to provide sufficient reasons for not incorporating fully plaintiff's subjective claims; however, the Court already has concluded that the ALJ commit harmful error and the medical evidence should be reviewed anew, *see supra*, Sections I and II.  In addition, a determination of a claimant's credibility relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c). Therefore, plaintiff's credibility should be assessed anew following remand of this matter.

However, in order to provide some direction to the ALJ following remand of this matter, the Court notes that regarding activities of daily living, the Ninth Circuit repeatedly has "asserted that the mere fact that a plaintiff has carried on certain daily activities  .  .  .  .  does not in any way detract from her credibility as to her overall disability." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (quoting *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001)). The Ninth Circuit specified "the two grounds for using daily activities to form the basis of an adverse credibility determination: (1) whether or not they contradict the claimant's other testimony and (2) whether or not the activities of daily living meet "the threshold for transferable work skills." *Orn, supra*, 495 F.3d at 639 (citing *Fair, supra*, 885 F.2d at 603). As stated by the Ninth Circuit,

1  the ALJ "must make 'specific findings relating to the daily activities' and their transferability to

2  conclude that a claimant's daily activities warrant an adverse credibility determination. *Orn,*

3  *supra*, 495 F.3d at 639 (quoting *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005)).

4        In this matter, it appears that the ALJ relied heavily on activities of daily living when

5  rejecting plaintiff's allegations that do not appear inconsistent with plaintiff's allegations and do

6  not appear to have been found to be transferable work skills. The ALJ's only other rationale

7  appears to be reliance on lack of support from the objective medical evidence. However, once a

8  claimant produces medical evidence of an underlying impairment, the ALJ may not discredit

9  then a claimant's testimony as to the severity of symptoms based solely on a lack of objective

10  medical evidence to corroborate fully the alleged severity of pain. *Bunnell v. Sullivan*, 947 F.2d

11  341, 343, 346-47 (9th Cir. 1991) (*en banc*) (citing *Cotton, supra*, 799 F.2d at 1407). These issues

12  should be revisited following remand of this matter.

13  **IV.    Whether this matter should be reversed with the direction to award benefits
             or for further administrative proceedings**

14

15        Plaintiff requests the relief of a remand with the direction to award benefits, or in the

16  alternative, remand for further administrative proceedings and a *de novo* hearing.

17        Generally, when the Social Security Administration does not determine a claimant's

18  application properly, "'the proper course, except in rare circumstances, is to remand to the

19  agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595

20  (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for

21  determining when [improperly rejected] evidence should be credited and an immediate award of

22  benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (quoting *Smolen v.*

23  *Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). After concluding at step one that an ALJ has erred

24  (not harmless error), the Court next should "turn to the question whether further administrative

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 7

1   proceedings would be useful." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103

2   (9th Cir. 2014) (citations omitted). When looking at this issue, the Court should consider if the

3   record is free from relevant conflicts. *See id*.

4          Based on a review of the record, the Court concludes that the record is not free from

5   important and relevant conflicts, such as conflicts in the medical evidence. Therefore, this matter

6   should be reversed for further administrative proceedings, including a *de novo* hearing, not with

7   a direction to award benefits. *See id*.

8                                           CONCLUSION

9          Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded

10   plaintiff was not disabled. Accordingly, defendant's decision to deny benefits is reversed and this

11   matter is remanded for further administrative proceedings in accordance with the findings

12   contained herein.

13

14          DATED this 3rd day of August, 2021.

15

16

17

18   RICARDO S. MARTINEZ
     CHIEF UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 8